Citation Nr: 1702607 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-44 538 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to service connection for a calcaneal bone spur of the right ankle.

2. Entitlement to service connection for a disability manifested by a chronic cough, to include as secondary to service connected gastroesophageal reflux disease (GERD).

3. Entitlement to service connection for a right ankle sprain.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

S. Mountford, Associate Counsel


INTRODUCTION

The Veteran had active military service from October 1972 to January 1980 and from January 2002 to February 2009. The Veteran also served in the Army Reserves with periods of Inactive Duty for Training (INACDUTRA).

This matter comes before the Board of Veterans' Appeals (Board) from the August 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. Jurisdiction is now with the Oakland, California RO.

The Board previously remanded this matter in April 2016 for further development for bilateral calcaneal bone spurs of the feet, a calcaneal bone spur of the right ankle, and a chronic cough. In April 2016, the Veteran underwent three VA examinations for these disabilities. Subsequently, the RO granted entitlement to service connection for bilateral calcaneal bone spurs of the feet in May 2016. Therefore, this issue is no longer on appeal before the Board. Additionally, the April 2016 VA examiner listed a right ankle sprain as a diagnosed condition. The Board has therefore added the issue of entitlement to service connection for a right ankle sprain to the title page. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). 

The Veteran appeared at a January 2016 hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record.

The issue of entitlement to service connection for a right ankle sprain is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).



FINDINGS OF FACT

1. The Veteran does not have a calcaneal bone spur in his right ankle.

2. The Veteran's treatment records reveal that the Veteran was treated for acute bronchitis during service, however it has since resolved, and no current diagnosis exists.


CONCLUSION OF LAW

1. The criteria for service connection for a calcaneal bone spur of the right ankle have not been met. 38 U.S.C.A. §§ 1110, 1131, 1137, 5107 (West 2014); 38 C.F.R. § 3.303 (2016).

2. The criteria for service connection for a disability manifested by a chronic cough, to include as secondary to service connected gastroesophageal reflux disease (GERD) have not been met. 38 U.S.C.A. §§ 1110, 1112, 1131, 1137, 5107 (West 2014); 38 C.F.R. § 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

 I. VA's Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.159, 3.326 (2016); see also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

As for the duty to assist, the Veteran's service treatment records and VA medical treatment records have been obtained. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The Veteran has not identified, and the record does not otherwise indicate, any additional relevant medical records that have not been obtained and associated with his file. 

Three VA examinations, all in April 2016, have been secured in connection with the current claim. Taken together, the Veteran's examinations are adequate; the VA examiners considered the entire record, noted the history of the disabilities, addressed relevant evidence, and provided the medical information necessary to reach a decision. VA's duty to assist with respect to obtaining a VA examination has therefore been met. 38 C.F.R. § 3.159(c)(4).

VA has substantially complied with the notice and assistance requirements and the Veteran is not prejudiced by a decision on his claim at this time.
 
II. Compliance with Prior Board Remands

The Board observes that this case was previously remanded by the Board in April 2016. The purpose of the April 2016 remand was to obtain VA examinations. Upon remand, the Veteran underwent three VA examinations in April 2016. The Board therefore finds that there was substantial compliance with the prior remand order, as is discussed more fully below, and the Board may continue with its determination. Stegall v. West, 11 Vet. App. 268 (1998). 
 
III. Other Due Process Considerations

As noted in the Introduction, the Veteran was afforded a hearing before the undersigned VLJ in January 2016. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the VLJ who conducts a hearing fulfill two duties to comply with the above regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the VLJ asked the Veteran specific questions concerning the symptoms of and treatment for his ankle and chronic cough disabilities. The hearing focused on the elements necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate the claim. In addition, the Veteran was assisted at the hearing by an accredited representative from DAV. No pertinent evidence that might have been overlooked and that might substantiate the claim was identified by the Veteran or his representative. Neither the representative nor the Veteran has suggested any deficiency in the conduct of the hearing. Therefore, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2).

IV. Service Connection Generally

Service connection may be established for disability due to a disease or injury that was incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may also be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

In general, in order to prevail on the issue of service connection, the evidence must show: (1) the existence of a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Under 38 C.F.R. § 3.310, service connection on a secondary basis may be granted for a disability that is proximately due to or the result of a service connected disease or injury, or for the degree of disability resulting from aggravation of a non-service connected disability by a service connected disability. See also Allen v. Brown, 7 Vet. App. 439, 448 (1995).






V. Analysis

Calcaneal Bone Spur in the Right Ankle

In April 2016, the Veteran was afforded a VA examination regarding his right ankle. The examiner opined that it is not at least as likely that a calcaneal bone spur of the right ankle was caused by or is otherwise related to the Veteran's active service because there are no bone spurs in the Veteran's right ankle. Instead, the spurs are located at the retro calcaneus and posterior calcaneus in the Veteran's feet. As discussed above, the RO granted entitlement to service connection for this separate disability in a May 2016 rating decision. 

The Board recognizes that the Veteran's service treatment records from February 2008 state that a calcaneal bone spur was seen in the Veteran's right ankle x-ray. However, it appears from the April 2016 examination that this bone spur either resolved or was mistakenly noted. The April 2016 examiner stated that the February 2008 x-ray correlates with the history of the Veteran's right ankle strain (which was stated to not be related to any bone spur). Thereby, as no current diagnosis exists for a calcaneal bone spur in the right ankle, entitlement to service connection is denied. 

Chronic Cough

The Veteran was diagnosed with acute bronchitis while in service in December 2008 and January 2009. The January 2009 physician noted that the Veteran's chronic cough is likely secondary to the use of an ace inhibitor (ACEI). However, a separate January 2009 physician stated that the Veteran's cough did not improve with a trial of stopping an ACEI or a trial of an inhaler.

In April 2016, the Veteran underwent a VA examination for his chronic cough. The examiner reported that the Veteran's respiratory condition occurred in the Army. However, upon switching medications in 2011, his cough resolved. The Veteran has not reported a cough to his primary care physician since 2011. The Veteran has completed physical fitness tests and also has a history of smoking.

The April 2016 examiner opined that the Veteran's chronic cough was less likely than not (less than 50% probability) incurred in or caused by the claimed in-service injury, event, or illness. The examiner's opinion was based on the evidence that the Veteran's cough appears to be most likely related to an adverse drug reaction. According to the records, the Veteran's cough has improved. Furthermore, the examiner stated that the records show that the Veteran's cough was attributed to an ace inhibitor, and switching from an ACEI to an angiotensin reception blocker improved his symptoms. As the examiner found that the Veteran's cough is most likely related to an adverse drug reaction, the examiner stated that is it unlikely that the Veteran's cough is secondary to or aggravated by his service connected GERD, or any other service connected condition. Furthermore, there is currently no actual diagnosed disability relating to a respiratory condition. Therefore, entitlement to service connection for a chronic cough is denied.


ORDER

1. Entitlement to service connection for a calcaneal bone spur of the right ankle is denied.

2. Entitlement to service connection for a disability manifested by a chronic cough, to include as secondary to service connected gastroesophageal reflux disease (GERD), is denied.


REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016). 

In the Veteran's April 2016 VA examination, the examiner noted that the Veteran has a "lateral collateral [sic] ligament sprain (chronic/recurrent)" that was diagnosed in service in 2008. In February 2008, while in service, the Veteran fell while running and injured his right ankle. He received an x-ray that was consistent with a right ankle sprain. 

In reviewing the VA examination report of April 2016, the Board notes that it is unclear whether the diagnosis of a lateral ligament strain is intended as a current diagnosis, or as only as a historical diagnosis. If there is such a current disability, an opinion is required as to whether it is related to the ankle strain noted in the service medical records. Thereby, on remand, an addendum opinion should be obtained to determine the etiology of this disability.

Accordingly, the case is REMANDED for the following action:

1. Forward a copy of the record and this Remand to the VA examiner who conducted the April 2016 VA ankle examination or, if that examiner is not available, to another qualified medical professional for an addendum medical opinion. Additional in-person examination of the Veteran is left to the discretion of the examiner selected. 

After reviewing the record, and with consideration of the Veteran's statements, the examiner is asked to provide an addendum opinion on the following:

What, if anything, is currently wrong with the Veteran's right ankle? Specifically, is there currently an ankle sprain? If there is a current disability, is it at least as likely as not (a 50 percent probability or greater) that such a right ankle sprain began in service, was caused by service, or is otherwise related to the Veteran's military service?

The examiner should specifically address the Veteran's February 2008 service treatment records discussing his right ankle sprain diagnosis and accompanying x-ray.

A complete rationale should be provided for any opinion given.

2. If, and only if, a new examination is scheduled, the RO must notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claim and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2016). In the event that the Veteran does not report for any scheduled examination, documentation showing that he was properly notified of the examination must be associated with the evidence of record.

3. Following completion of the above, and a review of any additional evidence received, the RO should also undertake any other development it deems to be necessary.

4. Then, the RO should readjudicate the Veteran's claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran should be provided a supplemental statement of the case and be given an adequate opportunity to respond. Thereafter, the case should be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted. The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs